MFD: USAO 2019R00574
JTM 02.23.22

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | **CRIMINAL NO.** ELH-22-071 |
| v. | * | |
| | * | (Theft of Government Property, |
| **DINORAH DE DENIS,** | * | 18 U.S.C. § 641; Social Security |
| | * | Fraud, 42 U.S.C. § 1383a(a)(3); |
| **Defendant** | * | Aiding and Abetting, |
| | * | 18 U.S.C. § 2; Forfeiture, 18 U.S.C. |
| | * | § 981(a)(1)(C), 21 U.S.C. § 853, 28 |
| | * | U.S.C. § 2461(c)) |
| | * | |

*******

## INDICTMENT

### COUNT ONE
(Theft of Government Property)

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to the charges in this Indictment:

1. **Dinorah DE DENIS ("DE DENIS")** was a resident of Frederick, Maryland.

2. The Social Security Administration (SSA) was an agency of the United States that administered the Supplemental Security Income (SSI) program. SSI was a federal income supplement program funded by general tax revenues (i.e., not social security tax) designed to help aged, blind, and disabled people who have little or no income meet basic needs for food clothing, and shelter.

3. SSA also administered the Widows Insurance Benefit (WIB) Program, which paid monthly cash benefits to surviving spouses of deceased individuals who worked and paid taxes to SSA. To be eligible for monthly cash benefits as the surviving spouse of a deceased worker, a

beneficiary must have been at least 60 years of age, and the beneficiary's spouse must have been a deceased individual who worked and paid a portion of their wages into the program.

4. The State of Maryland administered the Food Supplement Program, which was a federally-funded program that provided funds to low-income persons to purchase food. The State also administered the Maryland Medicaid Program, which paid the medical bills of needy and low-income individuals. Maryland Medicaid was administered by the State and funded with both State and federal funds.

5. **DE DENIS** obtained two social security numbers (SSNs) and did not disclose to SSA or the State of Maryland that she was receiving WIB payments under one SSN while receiving SSI, Medicaid, and Food Supplement benefits under the other SSN. As a result, **DE DENIS** received $89,085 in benefits to which she was not entitled.

6. **DE DENIS** applied for her first SSN ending in 2041 on or about May 7, 1973 in her birth name, Dinorah Cepeda Ulloa. **DE DENIS** married Miguel Denis on or about June 2, 1973, and, on or about February 27, 1974, obtained second social security number ending in 1197, in the name **Dinorah DE DENIS**.

7. On or about December 30, 2005, **DE DENIS** applied for SSI under SSN 2041, and on or about October 6, 2006, was awarded monthly SSI payments of $634, retroactive to her application date.

8. Miguel Denis died on or about August 2, 2012. On or about September 10, 2012, **DE DENIS** applied for WIB under SSN 1197, and was awarded monthly WIB payments of $1,220 on or about September 18, 2012.

9. On or about January 8, 2013, **DE DENIS** applied to the State of Maryland for Medicaid and Food Supplement Program benefits under SSN 2014. **DE DENIS** did not disclose

2

her WIB income under SSN 1197, which would have disqualified her from these programs, on her application, or on subsequent eligibility recertification forms that she submitted on or about June 18, 2014, July 9, 2015, July 11, 2016, and June 8, 2017.

10. On or about September 28, 2017, SSA interviewed **DE DENIS** regarding her continued eligibility for SSI under SSN 2041. **DE DENIS** falsely reported to SSA that she was currently married to Miguel Denis, but that they had been separated since 1984. **DE DENIS** further stated that Miguel Denis lived in Puerto Rico and that she did not know his whereabouts. **DE DENIS** did not disclose her WIB income under SSN 1197, which would have disqualified her from receiving SSI.

11. On or about May 10, 2018, during an interview with agents of the SSA Office of Inspector General, **DE DENIS** admitted that she was aware that she had two SSNs, and was collecting benefits under each.

## The Charge

12. Between in or about September 2012 and in or about June 2018, in the District of Maryland, the Defendant,

**DINORAH DE DENIS,**

did embezzle, steal, purloin, and knowingly convert to her use and the use of another, any money of the United States and any department and agency thereof, whose value exceeded $1,000, namely Social Security Supplemental Security Income as well as Maryland Medicaid and Food Supplement Program Benefits to which she was not entitled.

18 U.S.C. § 641
18 U.S.C. § 2

## **COUNT TWO**
(Social Security Fraud)

The Grand Jury for the District of Maryland further charges that:

1. The allegations of Paragraphs 1 through 11 of Count One are incorporated here.

2. Between in or about September 2012 and in or about June 2018, in the District of Maryland, the defendant,

**DINORAH DE DENIS,**

having knowledge of the occurrence of an event affecting her initial or continued right to payment of Title XVI Supplemental Security Income benefits, concealed and failed to disclose such event with the intent fraudulently to secure payment when no payment was authorized; to wit, the defendant concealed and failed to disclose the fact that she was receiving Title II Social Security Widows Insurance Benefits under SSN 1197, for the purpose of causing the Social Security Administration to continue to make Supplemental Security Income benefit payments under SSN 2041 where no such payments were due.

42 U.S.C. § 1383a(a)(3)
18 U.S.C. § 2

4

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction on the offense charged in Count One of this Indictment.

2. Upon conviction of the offense set forth in Count One of the Indictment, the defendant,

## DINORAH DE DENIS,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. The property to be forfeited includes, but is not limited to, a money judgment in the amount of at least $89,085.

4. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*E. Barron / M. Davio*

Erek L. Barron
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED

Foreperson

Date: March 1, 2022